UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| UNITED STATES OF AMERICA    ) | |
| ) | |
| v.                          ) | DOCKET NO. 23-cr-10186 |
| ) | |
| ZION FORD                   ) | |
| _____) | |

## **MOTION FOR BILL OF PARTICULARS**

Defendant Zion Ford ("Defendant") hereby moves this Court, pursuant to Rule 7(f) of the

Federal Rules Of Criminal Procedure, to direct the government to file a bill of particulars as

follows:

With respect to Count Five, the date and description of each racketeering act that

Defendant Zion Ford allegedly agreed would be committed by him and/or other members of the

alleged conspiracy, or agreed to facilitate, including the manner and means of Defendant Ford's

alleged involvement.

This basic information is necessary for Defendant Ford to prepare his defense, because he

cannot defend against a conspiracy charge without knowing when the alleged conspiracy

occurred, and what he is alleged to have done.

"A bill of particulars is warranted 'if the accused, in the absence of a more detailed

specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or

hampered in seeking the shelter of the Double Jeopardy Clause.'". *United States v. Machado*,

No. 19-cr-10190-PBS, Document 212, filed June 25, 2020 [allowing bill of particulars, in part],

quoting from *United States v. Sepulveda*, 15 F.3d 1161, 1192–93 (1st Cir. 1993)   "'[W]here…

the defendants are charged with a racketeering offense, there may be a greater need for details in

1

light of the broad scope of the charges." *United States v. Machado*, supra, quoting from *United States v. Perry*, No. 12-10293-DJC, 2013 WL 3158078, at *4 (D. Mass. June 19, 2013) [allowing bill of particulars, in part]; see also, *United States v.Sierra*, 2012 U.S. Dist. LEXIS 9713 *20-21 (S.D.N.Y. July 11, 2012) (bill of particulars warranted, where defendants entitled to receive "meaningful pretrial disclosure of the murders and acts of violence the Government will reference or seek to establish at trial.").

Defendant Ford has been charged with a single count of RICO conspiracy. "[T]he government's burden, as to the 'pattern of racketeering activity' requirement for a RICO conspiracy violation, is to prove that the defendant agreed that at least two acts of racketeering would be committed in furtherance of the conspiracy." *United States v. Leoner-Aguirre*, 939 F.3d 310, 317 (1st Cir. 2019). The government must show that under the alleged conspiracy the defendant "knew about and agreed to facilitate" a substantive RICO violation. Id. at 316, citing *Salinas v. United States*, 522 U.S. 52, 66 (1997). A specification as to which racketeering acts Ford allegedly agreed to commit will enable him to prepare a defense to the RICO charge, particularly considering the broad conspiracy alleged by the Government comprising many generic predicate acts.

Defendant notified the Government on June 25, 2025, of his intention to file this motion, but the Government has not responded with its position.

Respectfully Submitted,

DEFENDANT ZION FORD

by his attorney

*/s/John F Palmer*
John F. Palmer

2

Email: jpalmer@jfpalmerlaw.com
18 Main Street Extension
Suite 201B
Plymouth, MA 02360
Tel: 617-943-2602

CERTIFICATE OF SERVICE

I, John F. Palmer, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on July 2, 2026.

*/s/John F. Palmer*