UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____   )
                                             )
UNITED STATES OF AMERICA                     )
                                             )
v.                                           )       DOCKET NO. 23-cr-10186
                                             )
ZION FORD                                    )
                                             )
_____   )

## MOTION FOR EXCULPATORY EVIDENCE

Defendant Zion Ford ("Defendant" or "Ford") hereby moves that this Court order the Government to provide him with Grand Jury exhibits and transcripts of testimony from a state Grand Jury investigation related to this case. As grounds for this motion, Defendant avers that these materials are potentially exculpatory and that he is thus entitled to them under *Brady v. Maryland,* 373 U.S. 83 (1963) and *Giglio v. United States,* 405 U.S. 150 (1972).

Background

Defendant Ford has been indicted in this case, along with 13 coconspirators, for the offense of racketeering conspiracy pursuant to 18 U.S.C. section 1962(d). The "enterprise" that Ford and his coconspirators are alleged to have been associated with was the Heath Street Gang. The indictment lists generic acts of violence and other crimes in support of the allegation that each co-conspirator agreed that there would be at least two acts of racketeering activity in the conduct of the affairs of the "enterprise." Based upon discovery provided and discussions with the prosecutor in this case, one of the predicate acts that the prosecution currently seeks to prove against Defendant Ford is an alleged homicide occurring on January 6, 2021, on Morton Street, Mattapan. This homicide was previously the subject of a Suffolk County Grand Jury investigation, conducted by the Suffolk County District Attorney's Office, in which Defendant Ford was subpoenaed to testify. Based upon information and belief, after its proceedings were concluded, the Grand Jury

returned a No Bill. Following the appointment of undersigned counsel as successor CJA counsel in this case, Defendant has requested that the Government provide Defendant with transcripts of witness testimony and exhibits presented to the state Grand Jury on the grounds that such materials are likely to be exculpatory inasmuch as the Grand Jury found no probable cause to charge Defendant. To date, no materials have been provided.

<u>Argument</u>

The Defendant seeks an order from this court that the prosecutor provide the Defendant with Grand Jury testimony and Exhibits relating to the Suffolk Grand Jury investigation into the alleged homicide on January 6, 2021. If such materials are not within the immediate possession or control of the Government, the order should direct that the Government make all reasonable efforts to obtain these materials from the Suffolk County District Attorney's Office, and/or a Superior Court Judge with authority to order the production of Grand Jury materials.

The Defendant has reason to believe that the Grand Jury materials he seeks, i.e., witness testimony, exhibits, forensic evidence, are exculpatory because of the Grand Jurors' return of a No Bill. The Federal Rules of Criminal Procedure, Rule 6(e)(3)(E)(i), authorize disclosure of Grand Jury materials, *inter alia*, "in connection with a judicial proceeding…." Rule 5(d) of the Massachusetts Rules of Criminal Procedure, which was derived from the Federal rules, provides that "[a] person performing an official function in relation to the grand jury may not disclose matters occurring before the grand jury except in the performance of his or her official duties or when specifically directed to do so by the court…." While Grand Jury materials are presumptively secret, the need for disclosure may outweigh the policy of secrecy when, as in this case, the materials are likely to aid the defense and ensure a fair trial. <u>See</u> *Wisconsin v. Schaffer*, 565 F.2d

961, 966-67 (7th Cir. 1977).

To the extent that the Grand Jury materials are in the possession of state court prosecutors, the Government should take steps to obtain such materials from the state prosecutors and/or seek the cooperation of the state prosecutors in obtaining the Grand Jury materials from the state court. See *Lucas v. Turner*, 725 F.2d 1095, 1099 (7th Cir. 1984) (in civil rights case, district court reviews under federal law state court order denying release of state Grand Jury materials).

In summary, this court should issue appropriate orders to ensure that Defendant is provided with relevant exculpatory evidence in his case. Where the state Grand Jury proceedings resulting in a No Bill, i.e. no probable cause finding, involved the same alleged homicide that the Government claims as a predicate in this case, the evidence before the state Grand Jury is likely to be exculpatory and should be provided to the Defendant.

Defendant notified the Government on June 25, 2026, of his intention to file this motion but the Government has not responded with its position.

Respectfully Submitted,

DEFENDANT ZION FORD

by his attorney

*/s/John F Palmer*
John F. Palmer
Email: jpalmer@jfpalmerlaw.com
18 Main Street Extension
Suite 201B
Plymouth, MA 02360
Tel: 617-943-2602

3

CERTIFICATE OF SERVICE

I, John F. Palmer, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on July 2, 2026.

*/s/John F. Palmer*