UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No.   23-cr-10186-ADB |
| | ) | |
| ZION FORD | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL

Defendant Zion Ford seeks the production of grand jury materials from a Massachusetts state investigation of a shooting and murder which involved Ford.   Defendant claims that he is entitled to the grand jury transcripts, despite the high hurdle of grand jury secrecy, because he *believes* that a "No Bill" was returned by the state grand jury.   However, Defendant has provided *no factual support* (either by affidavit or other means) for his belief that a "No Bill" was returned by the state grand jury.   His claims are entirely speculative.   As a result, Defendant has failed to satisfy the requirements for disclosure of grand jury materials and his motion must be denied. *See, e.g., United States v. Powell*, 2025 WL 1556559, at *1 (N.D. Ohio June 2, 2025) ("The party requesting grand jury materials has the 'necessarily heavy' burden of showing that: (1) the material sought will prevent a possible injustice; (2) the need for disclosure outweighs the need for secrecy; and (3) the request is narrowly tailored to provide only material so needed. … *General, unsubstantiated, or speculative claims are not sufficient to demonstrate a compelling, particularized need to pierce the secrecy of grand jury proceedings*.") (emphasis added).[1]

---

[1] *United States v. Sutton*, 2023 WL 5827718, at *3 (D.D.C. Sept. 8, 2023) ("To obtain [a grand jury] disclosure, a party must carry the 'heavy burden of showing "that a *particularized need*

## ARGUMENT

"A defendant's effort to obtain grand jury materials can only succeed with a showing of 'particularized need.'" *United States v. Burke,* 856 F.2d 1492, 1496 (11th Cir.1988) …; *see Douglas Oil Company v. Petrol Stops Northwest,* 441 U.S. 211, 221–222 … (1979); *United States v. Procter & Gamble Company,* 356 U.S. 677, 682, … (1958). Even where such a particularized need is shown, access to grand jury material must be "'discreet and limited'" and "'structured to cover only the material need.'" *United States v. Liuzzo,* 739 F.2d 541, 545 (11th Cir.1984) (quoting *Procter & Gamble,* 356 U.S. at 683, …, with internal brackets omitted, and *Douglas Oil,* 441 U.S. at 222 …).

*United States v. Mazzola*, 183 F. Supp. 2d 195, 199 (D. Mass. 2001) (citations omitted).

"The Supreme Court has repeatedly recognized the importance of secrecy in grand jury proceedings, even after ... the grand jury has concluded its functions." *United States v. Rodriguez-Torres*, 570 F.Supp.2d 237, 240 (D.P.R. 2008) (citing *Douglas Oil Co.,* 441 U.S. at 222 and *United States v. McMahon*, 938 F.2d 1501, 1504 (1st Cir. 1991)). Such "secrecy facilitates the investigation of criminal charges by assuring potential witnesses that their testimony will not become public knowledge, thus encouraging them to testify freely and limiting the potential that they will be improperly influenced by those under investigation." *United States v. Pimental*, 380 F.3d 575, 591 (1st Cir. 2004); *see United States v. Sells Eng'g, Inc.* 463 U.S. 418, 424 (1983); *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958).

The court should consider "not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." *Douglas Oil*, 441 U.S. at 222; *see Illinois v. Abbott & Assocs.,* 460 U.S. 557, 566 n.11. (1983) ("Stringent protection of the secrecy of completed grand jury investigations may be necessary to encourage persons to testify fully and freely before future grand juries."). Individuals "would be less likely to testify fully and frankly" without such protections, and "[f]ear of retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties." *Douglas Oil*, 441 U.S. at 219, 222.

*United States v. Aguayo-Delgado*, 2025 WL 303938, at *3 (D.P.R. Jan. 27, 2025) (citations omitted). Courts have noted that "[u]pon carefully weighing 'the competing interests in light of the relevant circumstances,' 'disclosure is appropriate **only** in those cases where the need for it

---

exists" that "outweighs the policy of secrecy'" of grand jury materials. 'This particularized need requires a "factual basis"– "conclusory or speculative allegations of misconduct" do not suffice.' … 'The threshold for such a showing is very demanding, and the disclosure of grand jury information is 'exceedingly rare.'") (citations omitted) (emphasis in original).

outweighs the public interest in secrecy,' and 'the burden of demonstrating this balance rests upon the private party seeking disclosure.' … '*A defendant's particularized need must be based on more than mere speculation.*'"   *Id*. (citations omitted) (emphasis added).   *See also United States v. Yazzie*, 2021 WL 3511155, at *1 (D. Ariz. Aug. 10, 2021) ("Particularized need must be based on more than mere speculation."); *United States v. Bestway Disposal Corp.,* 681 F. Supp. 1027, 1031 (W.D.N.Y. 1988) ("Unspecified allegations of impropriety or mere speculative assertions are insufficient to outweigh the policy of grand jury secrecy or to overcome the heavy burden on the moving defendant.").

In his motion, Defendant seeks *all* grand jury materials from a state criminal investigation of a 2021 shooting and homicide based on his belief that the state grand jury refused to return an indictment.   *See* Def. Mot. at pp.1-2.   Defendant argues that he "*has reason to believe* that the Grand Jury materials he seeks, i.e., witness testimony, exhibits, forensic evidence, are exculpatory because of the Grand Jurors' return of a No Bill."   *Id.* at p.2 (emphasis added). Thus, Defendant's particularized need rests solely on his "belief" that the state grand jury returned a "No Bill."   ***Defendant has provided no factual support (by affidavit or other documentation) that any such "No Bill" occurred in the state proceedings.***   Absent such factual support of a "No Bill" return, Defendant's motion must be denied because speculation cannot support the requisite particularized need. *See, e.g., Diawara v. United States*, 2021 WL 5566824, at *4 (S.D.N.Y. Nov. 29, 2021) ("a defendant in federal court has no right to inspect the grand jury transcript, absent a non-speculative particularized need. There are no facts present in this case that would have provided counsel with a non-speculative basis to assert a particularized need and any such application would have been properly denied.").

In addition, the production of witness grand jury transcripts (if there are any such transcripts in the state proceedings) raises significant secrecy issues which weigh against the production of the transcripts:

> "Considerations justifying secrecy are even stronger with respect to defendants' request for grand jury testimony. *See generally Douglas Oil Company of California v. Petrol Stops Northwest,* 441 U.S. at 223 … (as "considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification"). Such testimony of non-government witnesses lies at the heart of a grand jury proceeding. Even after return of the indictment and discharge of the grand jury, disclosing the testimony of a grand jury witness discourages free and untrammeled disclosures by future grand jury witnesses and increases their legitimate fear of witness tampering.

*Mazzola*, 183 F. Supp. 2d at 200 (citations omitted).

Defendant's speculative claim that a "No Bill" was returned does not satisfy his heavy burden of proving particularized need, and thus his motion must therefore be denied.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Date: August 6, 2026

By: /s/ *Michael J. Crowley*
MICHAEL J. CROWLEY
Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

I, Michael J. Crowley, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

/s/ *Michael J. Crowley*
MICHAEL J. CROWLEY
Assistant U.S. Attorney