UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) ) ) ) ) ) | CRIMINAL NO: 23-cr-10186-ADB |
| v. | | |
| ZION FORD, | | |
| Defendant. | | |

**GOVERNMENT'S OPPOSITION TO
MOTION FOR BILL OF PARTICULARS**

**INTRODUCTION**

The United States respectfully requests that the Court deny Defendant Zion Ford's

Motion for a Bill of Particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure.

Defendant is charged with RICO conspiracy in violation of 18 U.S.C. § 1962(d) by Superseding

Indictment. The conspiracy arises out of Defendant's membership in the Heath Street Gang – a

violent criminal organization operating in Boston and surrounding communities. The

Superseding Indictment outlines the various racketeering activities in which the Heath Street

Gang was involved. Extensive discovery has been produced to Defendant. In addition, counsel

for the government met with counsel for Defendant to discuss the case against Defendant,

including areas of proof for the case.

Despite the charging language in the Superseding Indictment, the extensive discovery and

the meeting with counsel for the government concerning the case, Defendant seeks to have the

government identify how it intends to prove its case against him. Defendant requests: "the date

and description of each racketeering act that Defendant … allegedly agreed would be committed

1

by him and/or other members of the alleged conspiracy, or agreed to facilitate, including the manner and means of Defendant's alleged involvement." *See* Def. Mot. at p. 1. First, Defendant seeks irrelevant evidence by relying on a misinterpretation of the legal standard for proof of the RICO conspiracy. Second, in a separate discovery motion, Defendant *admitted* to having knowledge of the general scope of the case against him which is sufficient to allow Defendant to defend himself. In fact, in that motion, Defendant seeks discovery concerning a specific racketeering act – a shooting and murder – which will be used as evidence against Defendant should he chose to go to trial. Thus, any claim that Defendant is unaware of the nature of the government's case against him is directly rebutted by Defendant's other motion. A bill of particulars is not merited in a situation where a defendant seeks information as to the government's evidence at trial or the government's legal theories. Defendant's Motion for a Bill of Particulars should be summarily denied.

## ARGUMENT

### I.     Bill of Particulars

Courts have repeatedly stated that the purpose of a bill of particulars "'is to provide the accused with detail of the charges against him where necessary to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy.'" *United States v. Stryker Biotech, LLC.*, 2010 WL 2900684 at *3 (D.Mass. July 21, 2010) (quoting *United States v. Paiva*, 892 F.2d 148, 154 (1st Cir. 1989)). The Second Circuit has held that "'a bill of particulars should be required only where the charges of an indictment are so general that they do not advise the defendant of the specific acts of which he is accused.'" *United States v. Torres*,

901 F.2d 205, 234 (2nd Cir 1990) (citation omitted).[1]  In addition, "[w]hen considering a

defendant's request for a bill of particulars, a court may consider such factors as the complexity

of the charges, the clarity of the indictment, and the discovery and other information available to

the defendant." *Stryker Biotech*, 2010 WL 2900684 at *4.

Courts have noted that a "defendant seeking particularization 'has the burden of showing

by brief, affidavit, or otherwise that nondisclosure would lead to prejudicial surprise or the

obviation of opportunities for meaningful defense preparation.'" *Id*. (citations omitted).  "A

defendant will not be prejudiced if 'normal investigation [will] disclose[] the further information

they require[].' ... Moreover, bills of particulars are unnecessary when the information sought is

available from other sources." *Id*. (citations omitted).[2]

"A bill of particulars is not a tool of discovery, and its purpose is not to obtain disclosure

of evidence, witnesses to be offered at trial, or the government's legal theories." *Id.* at *3; *see

also United States v. Huggans*, 2011 WL 3611604 at *5 (8th Cir. Aug. 18, 2011) ("'bill of

particulars is not a discovery device to be used to require the government to provide a detailed

disclosure of the evidence that it will present at trial'"); *United States v. Chevalier*, 776 F.Supp

853, 856 (D.Vt. 1991) (a bill of particulars "may not be viewed as tantamount to a discovery

---

[1] As noted by one court, "[t]he proper inquiry is not whether the requested information
would be helpful to the defense (which it invariably would), but rather whether the information is
*necessary* to the defense." *United States v. Nekritin*, 2011 WL 1674799 at *6 (E.D.N.Y. May 3,
2011) (emphasis in original).

[2] "Generally, if the information sought by defendant is provided in the indictment or
some acceptable alternate form, no bill of particulars is required." *United States v. Bortnovsky*,
820 F.2d 572, 574 (2nd Cir. 1987).

device to seek and compel disclosure of the Government's evidence prior to trial").[3]  As noted by

the court in *United States v. Kerik*, 615 F.Supp.2d 256, 277 (S.D.N.Y. 2009):

> The decision to grant a bill of particulars rests within the "sound discretion of the
> district court," ... "a bill of particulars is not an investigative tool, or a tool of
> discovery, but rather is meant to apprise the defendant of the essential facts of a
> crime and should be required only where the charges of an indictment are so
> general that they do not advise the defendant of the specific facts of which he is
> accused." (citations omitted)

"'[A]cquisition of evidentiary detail is not the function of a bill of particulars.'" *United States v.*

*Ogando*, 2009 WL 4927541 at *2 (S.D.N.Y. Dec. 16, 2009) (citation omitted); *see United States*

*v. Dubon-Otero*, 76 F.Supp.2d 161, 169 (D.P.R. 1999) ("inquiries into government witness lists

... or evidentiary or legal theories ... are generally not proper purposes for a bill of particulars").

## II.    Defendant's Requested Bill of Particulars is Legally Irrelevant

Defendant is charged with RICO conspiracy pursuant to 18 U.S.C. § 1962(d).  Defendant

requests: "the date and description of each racketeering act that Defendant … allegedly agreed

would be committed by him and/or other members of the alleged conspiracy, or agreed to

facilitate, including the manner and means of Defendant's alleged involvement."  *See* Def. Mot.

at p.1.  Defendant further argues that "[a] specification as to which racketeering acts Ford

allegedly agreed to commit will enable him to prepare a defense of the RICO charge, particularly

considering the broad conspiracy alleged by the Government comprising many generic predicate

acts."  *Id*. at p.2.  This legal argument misstates the legal standard for proving a RICO conspiracy

and thus the requested bill of particulars is without legal basis.

---

[3] *See United States v. Phillips*, 2011 WL 3704114 at *2 (N.D.Ohio Aug. 22, 2011) ("A
bill of particulars 'is not meant as a tool for the defense to obtain detailed disclosure of all
evidence held by the government before trial' ... nor may a defendant use a bill of particulars to
discover the government's legal theory of the case.") (citations omitted).

Defendant's focus on specific racketeering acts that he personally agreed to commit or facilitate is simply not the law.  As the First Circuit has made clear that "[t]o prove a defendant committed the offense of RICO conspiracy, the government need not 'prove that the defendant himself committed or agreed to commit two or more racketeering acts.' … The government need prove only that 'the defendant agreed that at least two acts of racketeering would be committed in furtherance of the conspiracy.'"  *United States v. Ramos-Baez*, 86 F.4th 28, 48–49 (1st Cir. 2023) (citations omitted); *United States v. Velazquez-Fontanez*, 6 F.4th 205, 213 (1st Cir. 2021) ("The Supreme Court has made clear that holding a particular person responsible for the acts of a RICO conspiracy does not require the government to prove that that person committed or even agreed to commit two or more racketeering acts. … Rather, 'the government's burden ... is to prove that the defendant agreed that at least two acts of racketeering would be committed in furtherance of the conspiracy.'") (citations omitted); *United States v. Leoner-Aguirre*, 939 F.3d 310, 317 (1st Cir. 2019) ("In *Salinas*, the Supreme Court made clear that the government does not need to prove that the defendant 'himself commit[ted] or agree[d] to commit the two or more predicate acts requisite to the underlying offense.'") (citations omitted).

The government is not required to prove that two acts of racketeering actually occurred, but rather that Defendant agreed that two racketeering acts would be committed in furtherance of the conspiracy.  *Velazquez-Fontanez*, 6 F.4th at 213 ("So, for each defendant, we ask whether the government presented evidence from which a reasonable jury could have concluded that each defendant knowingly agreed that at least two racketeering acts would be committed in furtherance of [the enterprises] ends."); *Leoner-Aguirre*, 939 F.3d at 317 ("Nor must the government prove that the defendant or his co-conspirators committed any overt act in furtherance of the conspiracy.").  As to the racketeering acts, the government is only required to

prove the type of act that Defendant agreed would be committed in the furtherance of the conspiracy (i.e., the Heath Street Gang), *not* a specific racketeering act. *See United States v. Sandoval*, 6 F.4th 63, 99-100 (1st Cir. 2021).[4]

Therefore, in this case, the government would need to prove that Defendant agreed that two types of racketeering acts would be committed by the Heath Street Gang. As the government has already disclosed to counsel for Defendant, one area of evidence that the government will use at trial is Defendant's own participation in two attempted shootings in Boston to show that, at the very least, Defendant agreed that at least two murder-related racketeering acts would be committed by the Heath Street Gang when he joined the conspiracy.

But that evidence is not the only evidence which may prove the conspiracy. For example, the Heath Street Gang was known to be one of the most violent organizations operating in Boston and was known to be daily drug trafficking in the Mildred C. Hailey Housing Development at the time that Defendant was a member. If Defendant joined the organization and was aware of these facts, then he joined the enterprise understanding that at least two racketeering acts would be committed by members of the gang.

---

[4] … [T]he District Court instructed the jury that "the government must prove that the defendants agreed that one or more members of the enterprise would commit crimes that qualify as racketeering acts by law and that are specified in the indictment." The instructions specified that the jury "must unanimously agree as to each defendant individually *on which type or types of racketeering activity that defendant agreed the enterprise would conduct*." And, in response to a note from the jury, the District Court explained that while "[t]he defendants don't have to have personally committed any racketeering acts" or agree that they would do so, "the agreement has to include an agreement that a pattern of racketeering activity would occur, and they have to agree that a particular type of racketeering activity would occur, and you have to unanimously agree on the particular type of racketeering activity." *Id*. (emphasis added).

Thus, information requested by Defendant in his motion is not relevant to the charge against him, and his motion should be denied.

### III.    No Bill of Particulars is Necessary

Defendant's motion also fails because he has enough information to defend himself at trial. As noted above, the Superseding Indictment outlines the various types of racketeering activities in which the Heath Street Gang was involved. Extensive discovery has been produced to Defendant. Additionally, counsel for the government met with counsel for Defendant to discuss the case against Defendant, including certain areas of proof for the case. Thus, Defendant has more than enough information to understand and defend the case against him.

In fact, in conjunction with the filing of this motion, Defendant also filed a motion for "exculpatory evidence" concerning a shooting which resulted in a homicide on January 6, 2021, in the Mattapan section of Boston. In support of this discovery motion, Defendant stated:

> Defendant Ford has been indicted in this case, along with 13 coconspirators, for the offense of racketeering conspiracy pursuant to 18 U.S.C. section 1962(d). The "enterprise" that Ford and his coconspirators are alleged to have been associated with was the Heath Street Gang. *The indictment lists generic acts of violence and other crimes in support of the allegation that each coconspirator agreed that there would be at least two acts of racketeering activity in the conduct of the affairs of the "enterprise."* ***Based on discovery provided and discussions with the prosecutor in this case, one of the predicate acts that the prosecution currently seeks to prove against Defendant Ford is an alleged homicide occurring on January 6, 2021, on Morton Street, Mattapan.***

*Id*. at p.1 (emphasis added).

Defendant clearly understands the parameters of the case against him as he is seeking specific discovery concerning an aspect of the case. It appears that Defendant is asking for the Court to order the government to set forth its trial case in advance of trial. A bill of particulars should not be allowed under such circumstances – i.e., to be used as a discovery or investigative

tool by a defendant.  *See e.g., United States v. Bellomo*, 263 F.Supp.2d 561, 580 (S.D.N.Y. 2003) ("A bill of particulars is not designed to: obtain the government's evidence; restrict the government's evidence prior to trial; assist the defendant's investigation; obtain the precise way in which the government intends to prove its case; interpret evidence for the defendant, or disclose its legal theories.").  In this regard, courts have stated that "the issuance of a bill of particulars is inappropriate where it would simply be helpful to the defense, rather than necessary."  *Chevalier*, 776 F.Supp. at 856; *see also Nekritin*, 2011 WL 1674799 at *6.  The government "'need not particularize all of its evidence'" pursuant to Rule of Criminal Procedure 7(f).  *Kerik*, 615 F.Supp.2d at 277 (citations omitted).  In short, Defendant seeks information to which he is not entitled under Rule of Criminal Procedure 7(f).  Therefore, no bill of particulars is warranted in this case.

## CONCLUSION

Based upon the above, Defendant's Motions for a Bill of Particulars should be denied.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:    */s/ Michael J. Crowley*
Michael J. Crowley
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participates as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on the below date.

/s/ *Michael J. Crowley*

August 6, 2026                                    Michael J. Crowley, AUSA