UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | DOCKET NO. 23-cr-10186 |
| ZION FORD | ) | |

**MOTION FOR RECONSIDERATION OF DENIAL OF MOTION FOR EXCULPATORY EVIDENCE**

Defendant Zion Ford ("Defendant" or "Ford") hereby moves that this Court reconsider its denial of the Defendant's Motion For Exculpatory Evidence and direct the Government to seek from state prosecutors/investigators, and provide Defendant, exculpatory materials, including state Grand Jury exhibits and transcripts, and reports relating to an alleged homicide on January 6, 2021. To the extent that these materials are exculpatory, Defendant is entitled to them under *Brady v. Maryland,* 373 U.S. 83 (1963) and *Giglio v. United States,* 405 U.S. 150 (1972), as well as Local Rule 116.2 of the District Court of Massachusetts. See also, *Kyles v. Whitley*, 514 U.S. 419, 437 (1995) (prosecutors have a duty to learn of evidence favorable to the defense).

Background

Defendant Ford has been indicted in this case, along with 13 coconspirators, for the offense of racketeering conspiracy pursuant to 18 U.S.C. section 1962(d). The "enterprise" that Ford and his coconspirators are alleged to have been associated with was the Heath Street Gang. The indictment lists generic acts of violence and other crimes in support of the allegation that each co-conspirator agreed that there would be at least two acts of racketeering activity in the conduct of the affairs of the "enterprise." Based upon discovery provided and discussions with the prosecutor in this case, one of the predicate acts that the prosecution currently seeks to prove

against Defendant Ford is an alleged homicide occurring on January 6, 2021, on Morton Street, Mattapan. This homicide was previously the subject of a Suffolk County Grand Jury investigation, conducted by the Suffolk County District Attorney's Office, in which Defendant Ford was subpoenaed to testify.

Defendant previously filed a Motion For Exculpatory Evidence, in which he alleged that the Grand Jury proceedings resulted in a No Bill. In its Response to the Motion For Exculpatory Evidence, the Government relied on the argument that Grand Jury secrecy precluded providing Grand Jury information to Defendant. See Document No. 613, filed August 6, 2026. Furthermore, the Government argued, the Defendant's assertion that the Grand Jury returned a No Bill was "entirely speculative". Id. At the hearing on the motion on September 29, 2026, the Government stated that the Grand Jury investigation had not resulted in a No Bill but did not deny that there had been Grand Jury proceedings. When the Court questioned whether it had the authority to order the Government to seek exculpatory information from a separate sovereign, in the absence of a "joint" prosecution, the Government responded that it had not had contact with the state prosecutor. The Court denied the motion for exculpatory evidence without prejudice but ruled that "[if] new information is adduced that changes the analysis the court made at the court hearing … the defendant can file a new motion." See Docket Entry No. 665, dated September 29, 2026.

## Argument

The Defendant has new information and case law that supports his renewed and refined request for *Brady* material. The evidence submitted herewith establishes without question that there was and continues to be a "joint" prosecution with state authorities that obligates the

Government to seek out exculpatory information from state investigators. See Affidavit Of Counsel In Support of Motion For Reconsideration of Denial of Motion For Exculpatory Evidence, submitted herewith. This obligation would exist whether or not the Grand Jury proceedings resulted in a No Bill. In light of this further information and research, Defendant is narrowing his request to requiring the Government to seek out any exculpatory evidence, as defined in the case law and, specifically Local Rule 116.2, in the custody and control of state prosecutors/investigators (including reports and Grand Jury materials) relating to the alleged homicide on January 6, 2021. If such materials are not within the immediate possession or control of the Government, the order should direct that the Government make all reasonable efforts to obtain these materials from the Suffolk County District Attorney's Office and state investigators involved in the case.

"It is well settled that the government has the obligation to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment", citing *United States* v. *Agurs*, 427 U.S. 97 (1976); *Brady* v. *Maryland, supra*, at 87." *Pennsylvania v. Ritchie, 480 U.S. 39, 57, 107 S. Ct. 989, 1001 (1987)*. A prosecutor violates a defendant's due process rights under *Brady* "by failing to disclose material evidence in his possession that is favorable to the defendant." *Drumgold v. Callahan*, 707 F.3d 28, 38 (1st Cir. 2013). "Evidence is favorable to a defendant if it is either exculpatory or impeaching in nature." Id. at 38-39. The disclosure obligations imposed by Brady also extend to "evidence known only to law enforcement officers and not to prosecutors." Id. at 38; accord *Haley v. City of Boston*, 657 F.3d 39, 49 (1st Cir. 2011).

"Documents held by entities of the federal government or state governments are within the

government's possession, custody, or control if the entity is 'closely connected to the prosecutor.' *United States v. Jordan*, 316 F.3d 1215, 1249 (11th Cir. 2003); see *United States v. Pickens*, Crim. No. 19-314, 2020 U.S. Dist. LEXIS 67884, 2020 WL 1900117, at *3 & n.3 (D. Minn. Apr. 17, 2020). 'To comply with *Brady* the individual prosecutor has a duty to find any evidence favorable to the defendant that was known to those acting on the government's behalf. Such persons include other members of the prosecuting team, including police investigators working for the prosecution.' *United States v. Bender*, 304 F.3d 161, 164 (1st Cir. 2002) (citation omitted). 'Whether a state or another federal agency may be considered part of a federal prosecution team depends upon the level of involvement between the United States Attorney's Office and the state or agency which holds the alleged *Brady* material." *United States v. Ramos-Cartagena*, 9 F. Supp. 2d 88, 91 (D.P.R. 1998). '[T]he inquiry is the extent to which there was a joint investigation with another agency.' Id. (internal quotation marks omitted). Factors considered by courts in determining whether a joint investigation existed include (1) whether one agency acts on behalf of or under the control of another; (2) the extent to which the two agencies are working as a team and are sharing resources; and (3) whether the agency charged with possession of evidence in the other agency's files had ready access to it…." *United States v. Ellison, 527 F. Supp. 3d 161, 166-67 (D.P.R. 2021)*. Where there is a joint investigation involving state and federal authorities, federal prosecutors cannot take a "hands-off approach" with respect to Brady materials within the actual possession of state prosecutors and investigators but must make a "thorough inquiry" for such evidence. See *United States v. Risha*, 445 F.3d 298, 303-304 (3rd Cir. 2005).

The Government's own affidavits demonstrate the close coordination between state and

federal authorities in the investigation and prosecution of the defendants in this case. See Affidavit of Counsel In Support of Motion For Reconsideration of Denial of Motion For Exculpatory Evidence, submitted herewith. The law enforcement official who drafted both the detention affidavit and the affidavit for search warrants in this case is a Boston Police Detective, who has acted in a dual capacity for state and federal prosecutions. Id. The Government has accessed and shared the state prosecutor's file with co-counsel in a co-defendant's case. Id. The Government has recently provided counsel with a report from a state detective concerning an interview with a witness at a Grand Jury proceeding that incriminates the defendant. Id. The Government cannot selectively choose to access only incriminating evidence from the state, while disclaiming any responsibility to seek out exculpatory evidence based upon alleged "separate sovereignties."

To be clear, the categories of exculpatory evidence for which the Government is obligated to conduct a "thorough inquiry" of the state prosecutors/investigators in this case include each of the items enumerated in Local Rule 116.2. These would include, specifically, "a written summary of any information in the government's possession that tends to diminish the degree of the defendant's culpability or the defendant's Offense Level under the United States' Sentencing Guidelines". Local Rule 116.2 (b)(4). The Government in this case claims that the homicide on January 6, 2021, is a predicate affecting the Defendant's Sentencing Guideline score. See USSG, section 2E1.1 (2). Exculpatory evidence would thus include information affecting the credibility of witnesses to the homicide, e.g., inconsistent statements, criminal records, promises, inducements and rewards, etc. See Local Rule 116.2(a)(4), (b)(1)((C), (b)(1)(D&E), (b)(2)(A-G).

In summary, this Court should issue an order that the Government seek out, make a

"thorough inquiry" for, and provide to Defendant exculpatory evidence from state prosecutors/investigators concerning the alleged homicide on January 6, 2021. Specifically, where state Grand Jury proceedings involved the same alleged homicide that the Government claims as a predicate in this case, the evidence and testimony before the state Grand Jury should be included within the scope of inquiry for exculpatory evidence.

Respectfully Submitted,

DEFENDANT ZION FORD

by his attorney

/s/John F Palmer
John F. Palmer
Email: jpalmer@jfpalmerlaw.com
18 Main Street Extension
Suite 201B
Plymouth, MA 02360
Tel: 617-943-2602

CERTIFICATE OF SERVICE

I, John F. Palmer, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on November 6, 2026.

/s/John F. Palmer